YARRUT, Judge.
This suit arises from an automobile accident in July, 1963, at the intersection of Harrison Avenue and Canal Boulevard, in New Orleans, when Plaintiff, Carol Spirolo, sustained personal injuries; and the automobile driven by her and owned by her father, Co-Plaintiff Americo M. Spirolo, was damaged.
The jury brought in a unanimous verdict for Carol Spirolo for $2,500.00, and $600.00 for Americo M. Spirolo.
Carol Spirolo alone appealed for an increase in the award to $15,000.00.
As the liability of Defendants is admitted, the only issue is the sufficiency of the award to Carol Spirolo.
Notwithstanding liability for the collision is admitted by Defendants, the nature of the collision is pertinent for a proper appreciation of the impact which caused the personal injury to Carol Spirolo, who herein will be referred to only as “Plaintiff.”
At 8:30 p.m. while stopped at the intersection of Harrison Avenue and Canal Boulevard for a red light, a 1961 Chrysler, driven by Defendant, Hollis Thomas, plowed into the rear of Plaintiffs small car, a Triumph, and propelled it forward some 60 feet, in a zigzagging motion from the left to the right lane, back to the left, then hit the neutral ground and stopped. The front seats of the car were ripped from their moorings and catapulted into the back seat. Plaintiff was 20 years old; was active in horseback riding, bowling, water-skiing, dancing, etc. and had been employed at Charity Hospital as a scrub nurse, primarily for neurosurgeons.
Whereas, Defendants offered no medical-testimony, Plaintiff called Dr. Pierre A. Espenan, a general practitioner and surgeon,, and Dr. Raymond Kitziger, an orthopedist..
Immediately following the accident,. Plaintiff telephoned her family physician,. Dr. Espenan, who instructed her to go to Touro Infirmary where he met and examined her. The examination resulted in' a diagnosis of mycervicalor strain to the neck and to the left shoulder. Dr. Espcnair stated her complaints were to the neck and to the upper back, and she was allowed to-go home and return the following day. He treated Plaintiff about four times during the next two or three weeks, and saw her once or twice during the months of August, September, and October, finally discharging, her in November, 1963. She returned to) him on February 27, 1964, complaining of not feeling well, having fainting attacks, menstrual difficulties and anemia. No physical examination was performed then because she had a previous appointment.
On April 10, 1964, she returned to Dr. Espenan and, for the first time, complained' of back pain. Previously she had failed to mention any complaints of pain in the-back, yet Dr. Espenan testified that such-symptoms manifest themselves at least a-day after an accident. A complete physical examination was made. X-rays taken showed narrowing of the fifth interspace. Dr. Espenan found that Plaintiff had a normal reversal of the lorditic curve, no-muscle spasms, no objective symptoms in-the straight-leg raising test, negative results' in the Eli examination, normal reflexes and no loss of sensation. All objective tests were normal even though there were subjective complaints of pain. Dr. Espenan further testified it was his opinion that, if a person who had been as active as Plaintiff had been before the accident, and now restricted and disabled as Plaintiff contends, he would expect definite signs of atrophy; yet, there was no evidence of any atrophy that could signify objective indication of disability. Plaintiff was advised to be examined by an orthopedist or a neurosurgeon. *219 On November 2, 196S Dr. Espenan said lie had not seen Plaintiff since April 10, 1964.
Dr. Raymond Kitziger, orthopedist, first -saw Plaintiff on July 15, 1965, or approximately two years after her accident. After reviewing the X-rays produced by Plaintiff -which showed narrowing at the joint, he -was of the opinion that there was pressure •on the nerve in the lower part of her back, at the lumbo sacral joint. Pie admitted the narrowing of the joint could be congenital, since it appeared on the 'X-rays taken shortly after the accident. "While Plaintiff insisted she was suffering from a ruptured disc, Dr. Kitziger stated he -did not feel a myelogram or a laminectomy •was necessary. Pie further admitted that Plaintiff’s complaints of pain, restrictions •of motion in the back and straight-leg raising were mostly subjective and not objective symptoms and her ailment was “a light disability in the back.”
Plaintiff testified that though she was -very active before the accident, since then -she can not drive her car, swim, bowl, •dance, garden, wash her automobile, bend •or stoop; needs help to dress and undress, tie her shoes, pick up things from the floor; yet failed to seek medical attention and treatment for her pain, disabilities and •difficulties from November, 1963 to July, 1965. While Plaintiff testified of her inability to work or maneuver without the Tielp of her back brace, the brace was not -purchased until September 20, 1965, just two weeks before the trial, and about two years after the accident.
When asked whether she had suffered another accident since the one in question, she first denied it. After persistent cross-examination and the production of a record of a damage suit involving an accident in which she was involved, she reluctantly admitted she had received payment from the defendant insurance company for any personal injury she had suffered in that accident.
In view of Plaintiff’s delay in seeking medical care for her alleged lower back injury and her attempt to conceal from the judge and jury the fact of her involvement in a subsequent accident, we are convinced both the judge and jury gave little credence to her present disability claims; all resulting in the unanimous jury award of $2,-500.00, and the refusal of the judge to demand an additur to the jury award, or to grant a new trial Plaintiff’s counsel requested after the verdict.
We see no error in the verdict and the award of the jury. The judgment appealed from is affirmed; Plaintiff to pay all taxable costs on appeal.
Judgment affirmed.